UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE NATHANIEL BUNKLEY,

        Petitioner,

v.                                                                    CASE NO. 4:06-cv-11829
                                                                   HONORABLE PAUL V. GADOLA

HUGH WOLFENBARGER,

        Respondent.
_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES
## COURT OF APPEALS PURSUANT TO U.S.C. § 2244(b)(3)(A)

Petitioner Maurice Nathaniel Bunkley has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2241. The habeas petition challenges a state court conviction, which Petitioner has identified only by the trial court's name (the former Recorder's Court for the City of Detroit, Michigan) and the trial court's case number (83-05317). Petitioner claims that his imprisonment is unlawful, because the state district court failed to issue a return and certify the preliminary examination record. Petitioner concludes from the alleged violation of state law that the trial court never acquired jurisdiction over him.

Petitioner filed another habeas corpus petition in 1998. The habeas petition attacked a 1983 conviction for first-degree murder and felony firearm. This Court denied the petition on the merits and with prejudice. *See Bunkley v. Elo*, No. 98-CV-40338-FL (E.D. Mich. Aug. 5, 1999) .

The case number for the conviction under attack coincides with the date of the conviction that was the subject of the 1998 habeas petition, and state court records indicate that Petitioner is serving a sentence for first-degree murder and felony firearm. The Court therefore

Dockets.Justia.com

concludes that the pending habeas petition challenges the same conviction that was the subject of Petitioner's 1998 habeas petition.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

"[T]he restrictions on successive petitions in § 2244(b) apply to § 2241 petitions brought by state prisoners, despite the fact that § 2244(b) only makes reference to § 2254 petitions." *Long v. Kentucky*, 80 Fed. Appx. 410, 414 (6th Cir. 2003) (citing *Green v. Tennessee Dep't of Corrs.* 265 F.3d 369, 371 (6th Cir. 2001) (quoting with approval *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)). Thus, Petitioner's habeas petition, like petitions filed under 28 U.S.C. § 2254, is governed by § 2244(b). The Sixth Circuit has stated that, "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[1]

Petitioner has not alleged or otherwise demonstrated that he received permission from the

---

[1] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

Court of Appeals to file another habeas corpus petition challenging the same conviction.

Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Court of Appeals pursuant to *Sims* and 28 U.S.C. § 1631.

                                                s/Paul V. Gadola  
                                                PAUL V. GADOLA  
                                                UNITED STATES DISTRICT JUDGE

Dated:  May 3, 2006

---

Certificate of Service

I hereby certify that on   May 4, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____, and
I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:          Maurice Bunkley                          .

                                                s/Ruth A. Brissaud  
                                                Ruth A. Brissaud, Case Manager  
                                                (810) 341-7845